IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

QUESTAR SOUTHERN TRAILS PIPELINE
COMPANY, a Utah company,

       Plaintiff,

v.                                                                                                  No. CIV 02-10 BB/LFG

4.26 ACRES OF LAND, COUNTY OF SAN
JUAN, STATE OF NEW MEXICO, *et al.*,

       Defendants.

and

AUBREY DAVID WOOD and PATRICIA A.
WOOD,

       Plaintiffs,

v.                                                                                                  No. CIV 02-1040 WPJ/LFG

QUESTAR SOUTHERN TRAILS PIPELINE
COMPANY, a Utah corporation,

       Defendant.

<u>MEMORANDUM OPINION
AND
ORDER DENYING CONSOLIDATION</u>

THIS MATTER is before the Court on the motion of Aubrey D. and Patricia A. Wood ("Woods") seeking to consolidate [Doc. #95] the Questar Southern Trails Pipeline Company's ("Questar") claim to condemn 6.43 Acres of Land, County of San Juan,

State of New Mexico, and against Aubrey D. and Patricia A. Wood, owners thereof, currently pending in *Questar v. 4.26 Acres of Land*, No. CIV 02-10 BB/LFG (the "condemnation case") into the case of *Wood v. Questar*, No. CIV 02-1040 WPJ/LFG (the "trespass lawsuit"). The Court having considered the briefs of counsel and being otherwise advised, FINDS the motion not supported by law and it will be Denied.

## *Discussion*

Questar filed its condemnation case against property owned by the Woods in San Juan County, New Mexico, in January 2002. It asserts the authority of eminent domain, pursuant to a FERC certificate of public convenience and necessity. The condemnation case was brought pursuant to Federal Rule of Civil Procedure 71A, which provides in subsection (e) that defendants are limited to answering the complaint and raising affirmative defenses. Nonetheless, the Woods raised claims of trespass, inverse condemnation, and negligence as counterclaims in the condemnation case. When confronted with Rule 71A(e), counsel for the Woods agreed to dismiss the counterclaims, but then later filed the same claims as a separate lawsuit, *i.e.*, the trespass lawsuit. The Woods have now filed this motion to consolidate the condemnation into their trespass case.

In most jurisdictions, special procedures have been adopted to insure condemnation remedies are both simple and speedy. *See, e.g., National Savings & Trust Co. v. Reichelderfer*, 57 F.2d 404 (D.C. Cir. 1932); *Sioux Falls v. Kelley*, 513 N.W.2d 97

(S.D. 1994); *Simon v. Department of Transp.*, 265 S.E.2d 777 (Ga. 1980). That was the philosophy behind Federal Rule 71A. 12 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3041 p. 190 (2d ed. 1997). For that reason, Rule 71A(e) limits the trial to "the amount of the compensation to be paid for the property" and "[n]o other pleadings or motion asserting any additional defense or objection shall be allowed." *See United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374 (4th Cir. 1995) (landowner may not present contract claim in condemnation); *Atlantic Seaboard Corp. v. Van Sterkenburg*, 318 F.2d 455 (4th Cir. 1963) (Rule 12 motions not permitted). The majority of courts recognize this prohibition on additional pleadings and motions also bans counterclaims and requests for declaratory relief.[1] "Woods have opted not to challenge the no-counterclaims premise." (Woods Reply p. 5). Rather, they argue Rule 71A(e) "clearly does not preclude a condemnee with affirmative claims against the condemnor from filing an action against the condemnor." *Id.* Indeed, that is what Rule 71A requires. *Kansas Pipeline Co.*, 210 F. Supp. at 1258.[2]

---

[1] *Washington Metro. Area Transit Auth. v. Precision Small Engines*, 227 F.3d 224 (4th Cir. 2000); *United States v. 87.30 Acres of Land*, 430 F.2d 1130 (9th Cir. 1968); *Oyster Shell Products Corp. v. United States*, 197 F.2d 1022 (5th Cir. 1952); *Kansas Pipeline Co. v. Land, Located in Section 6, S.W. Quarter, Twp. 32 S., Range 10 W., County of Barber*, 210 F. Supp.2d 1253 (D. Kan. 2002); *United States v. 1440.35 Acres of Land*, 438 F. Supp. 1070 (D. Md. 1977); *United States v. 687.30 Acres*, 319 F. Supp. 128, 130 (D. Neb. 1970); *Stephenson v. United States*, 33 Fed. Cl. 63 (Fed. Cl. 1994).

[2] Woods claim that Rule 71A does not limit their ability to file an inverse condemnation suit also reinforces this point.

**Woods would, however, then seek to execute an end run on the ban against counterclaims by consolidating its counterclaims now restated in** *Wood v. Questar* **back into this condemnation case. They rely on Federal Rule of Civil Procedure 42 as authorization for consolidation. The Federal Rules of Civil Procedure apply to actions under Rule 71A "except as otherwise provided in this rule." Rule 71A(1). When Rule 71A sets out a specific procedure, the more general rule of civil procedure that governs other actions does not apply.** *See, e.g., United States v. 4.724 Acres of Land*, **31 F.R.D. 290 (E.D. La. 1962) (computation of time to answer controlled by Rule 71A rather than Rule 6).** *See* **13 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 71A.04[2][a] (3d ed. 2002). The issue here is not whether Rule 42 applies in condemnation proceedings under Rule 71A, but whether it should be applied here. The Court concludes it should not for the following reasons:**

**First, the purpose of a condemnation proceeding is (a) the authority for the taking, and (b) the valuation of the property.** *McCandless v. United States*, **298 U.S. 342, 348 (1936);** *Williams Natural Gas Co. v. Oklahoma City*, **890 F.2d 255, 264 (10th Cir. 1989) (court's sole function under the Natural Gas Act to order condemnation and set compensation). Second, the claims in the two cases are distinctly different. The elements of proof for claims of trespass and negligence are clearly different from those required for condemnation.** *Governmental Liability for Injury to Landowners Property from Road Construction Activities on Neighboring Land*, **65 Am. JUR. PROOF OF FACTS**

4

3d 311, § 2.  Moreover, in a condemnation case damages fixed at the time of the taking and the Court may not evaluate damages occurring after the date of taking, as required for the three claims the Woods assert.  *See Georgia-Pacific Corp. v. United States*, 568 F.2d 1316 (Ct. Cl. 1978).

Cases should not be consolidated if it may cause delay or cause confusion on differing issues of fact.  *Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98 (3d Cir. 1992).  When other issues between the parties would unnecessarily prolong or complicate the condemnation proceeding, Rule 71A dictates those matters are best resolved in a separate action.  *United States v. Eight Tracts of Land*, 270 F. Supp. 160, 165 (E.D.N.Y. 1967).

**O R D E R**

For the above stated reasons, Woods Motion to Consolidate is DENIED.

Dated at Albuquerque this 31st day of January, 2003.

                                                                    _____
                                                                    **BRUCE D. BLACK**
                                                                    United States District Judge


**For Woods Plaintiffs:**
    J.E. Gallegos, Patricia Matthews, GALLEGOS LAW FIRM, Santa Fe, NM
**For Defendant:**
    Jon J. Indall, COMEAU MALDEGEN TEMPLEMAN & INDALL, Santa Fe, NM
    James C. Brockman, STEIN & BROCKMAN, Santa Fe, NM
    Colleen Larkin Bell, QUESTAR REGULATED SERVICES CO., Salt Lake City, UT