IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**QUESTAR SOUTHERN TRAILS PIPELINE
COMPANY, a Utah company,**

      Plaintiff,

v.                                                                                                No. CIV 02-10 BB/LFG

**4.26 ACRES OF LAND, COUNTY OF SAN
JUAN, STATE OF NEW MEXICO,** *et al.***,**

      Defendants.

and

**AUBREY DAVID WOOD and PATRICIA A.
WOOD,**

      Plaintiffs,

v.                                                                                                No. CIV 02-1040 WPJ/LFG

**QUESTAR SOUTHERN TRAILS PIPELINE
COMPANY, a Utah corporation,**

      Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING REHEARING

THIS MATTER comes before the Court on Defendants' Motion To Reconsider, and the Court being duly apprized, finds the motion adds nothing not previously considered, and it will be Denied.

### *Discussion*

The following are grounds that warrant a motion to reconsider: "(1) an intervening change in the controlling law, (*2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Accordingly, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Frederick v. Southeastern Penn. Transp. Auth.*, 926 F. Supp. 63, 64 (E.D. Pa. 1996).

Questar filed a condemnation claim against Woods and others in January 2002. Woods [Defendant] filed their trespass suit in August 2002. In October 2002, Defendants served a motion to consolidate. After full briefing, the Court denied the motion in a Memorandum Opinion And Order filed January 31, 2003.

Defendants now maintain that the Court erred in its January 31, 2003, order and opinion denying consolidation because during discovery in their case "the Woods learned that Questar had exceeded its eminent domain authority as proscribed by the Federal Energy Regulatory Commission certificate of public convenience and damaged land outside of the easement claimed by Questar giving rise to the Woods claims of trespass, inverse condemnation and negligence." (Mot. Recon. ¶ 3). This identical claim was

advanced in the original motion.  *See* Pls. Mem. in Supp. of Mot. Consol. at 2; and Reply in Supp. at 2 n. 4, 10-11.  The Court will not reconsider the issue.

## O R D E R

**Defendants' Motion to Reconsider is DENIED.**

Dated at Albuquerque this 13th day of May, 2003.

　　　　　　　　　　　　　　　　　　　　　　　　　　　BRUCE D. BLACK
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**For Woods Plaintiffs:**

　　J.E. Gallegos, Patricia Matthews, GALLEGOS LAW FIRM, Santa Fe, NM

**For Defendant:**

　　Jon J. Indall, COMEAU MALDEGEN TEMPLEMAN & INDALL, Santa Fe, NM
　　James C. Brockman, STEIN & BROCKMAN, Santa Fe, NM
　　Colleen Larkin Bell, QUESTAR REGULATED SERVICES CO., Salt Lake City, UT